**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **GREAT MARSH BREWING COMPANY,** | **Chapter 11** |
| | **Case No: 26-11364-JEB** |
| **Debtor.** | |

**INTERIM ORDER GRANTING MOTION FOR (A) THE USE OF CASH COLLATERAL, (B) THE GRANTING OF REPLACEMENT LIENS, AND (C) ADDITIONAL RELIEF**

This matter having come before the Court on the *Motion for (A) the Use of Cash Collateral, (B) the Granting of Replacement Liens, and (C) Additional Relief* (the "Cash Collateral Motion") [ECF No. 6] filed by Great Marsh Brewing Company (the "Debtor"),  the debtor and debtor-in-possession in this above-captioned case; and the Court having considered the Cash Collateral Motion, the *Affidavit of John Collins in Support of Motion to Use Cash Collateral* [ECF No. 7] and the arguments of counsel at an emergency hearing held on the Cash Collateral Motion on June 16, 2026 (the "Hearing"); and appropriate notice of the Cash Collateral Motion and the Hearing having been given under the circumstances as reflected in the certificates of service filed with the Court; and all objections, if any, to the interim relief requested in the Cash Collateral Motion having been resolved or overruled by the Court; and it further appearing to the Court that interim relief is in the best interests of the Debtor, its estate and its creditors and equity holders; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS**

A.      On June 9, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

1

B.	The Debtor continues to operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Case.

C.	This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the standing order of reference codified in LR D, Mass. 201.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

D.	As of the date of this order, the United States Trustee for the District of Massachusetts (the "U.S. Trustee") has not appointed an official committee of unsecured creditors.

E.	The Debtor requested entry of this order pursuant to Federal Rule of Bankruptcy Procedure 4001.  The Debtor has a need to use the Cash Collateral[1] to, among other things, preserve and maximize the value of the Debtor's assets for the benefit of its creditors.  Absent the Debtor's ability to use Cash Collateral, the Debtor would not be able to pay its operating expenses or maintain its assets, to the detriment of the Debtor's estate and creditors.  Accordingly, the relief requested in the Cash Collateral Motion and the terms of this order are (i) critical to the Debtor's ability to maximize the value of its chapter 11 estate, (ii) in the best interests of the Debtor and its estate, and (iii) necessary and appropriate to avoid immediate and irreparable harm to the Debtor and its assets.

F.	The Asserted Lienholders (as defined below) may assert liens on the

---

[1] Capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Cash Collateral Motion.

2

Debtor's property and may have an interest in the Debtor's Cash Collateral.

G.      Attached to the Cash Collateral Motion is a budget for the use of Cash Collateral (the "Budget").

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Cash Collateral Motion is granted to the extent set forth in this order.  Any objections to the Cash Collateral Motion, to the extent not resolved, are hereby overruled.

2.      On an interim basis, the Debtor is authorized to use Cash Collateral in accordance with the Budget through and including July 7, 2026 (the "Budget Period"), provided, however, that pursuant to Fed. R. Bankr. P. 4001(b)(2) and pending allowance of a final order allowing the relief requested in the Cash Collateral Motion, the Debtor shall use and expend only that amount of asserted cash collateral as is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing of this Court on the Cash Collateral Motion.

3.      On or before **July 2, 2026**, the Debtor shall file with the Court as exhibits to a notice of supplements to the Cash Collateral Motion and serve on the Notice Parties, (i) a budget to actual report for the period between the Petition Date and July 1, 2026, (ii) a revised form of order regarding the continued use of cash collateral, as a well as a redline comparison of the proposed form of order to this Order, and (iii) if necessary,  a revised budget in a thirteen (13) week format.

4.      For the purposes of Sections 361, 363(e) and 507(b) of the Bankruptcy Code, the Asserted Lienholders will retain a continuing lien on all of the assets on which they held a lien on the Petition Date, without prejudice to the Debtor's rights to contest the amount, validity, priority and extent of any liens or claims asserted by the Asserted Lienholders.  The Asserted Lienholders' continuing lien shall maintain the same priority, validity and enforceability as the Asserted Lienholders' pre-petition liens.  The continuing

3

lien granted to the Asserted Lienholders shall only be recognized to the extent of the diminution in value of the Asserted Lienholders prepetition Collateral after the Petition Date resulting from the Debtor's use of the Cash Collateral during the chapter 11 case. The term "Asserted Lienholders" shall mean those parties that assert a lien, as of the Petition Date, on the Debtor's Cash Collateral, including Newburyport Five Cent Savings Bank and the Town of Essex, Massachusetts.

5.      The liens granted under this order shall not attach to any avoidance powers held by any of the Debtor or any trustee for the Debtor, including those avoidance powers set forth in Sections 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, or to the proceeds of any claims under or actions commenced pursuant to such powers.

6.      Nothing in this order shall constitute a waiver by or restrict the right of any Debtor to seek the further use of Cash Collateral or the authorization for additional debtor-in-possession financing.

7.      This Court has not been asked to find, and it does not find, that any asserted security interest or lien is valid or perfected.  Nothing contained in this order is intended, or shall be deemed, to be a ruling on the extent or validation of any creditor's asserted security interest or lien.

8.      Within two (2) business days after entry of this order, the Debtor shall serve a copy of this order, by first class mail, by the Court's CM/ECF system or by other appropriate method of service, on the Asserted Lienholders, the Internal Revenue Service, the Massachusetts Department of Revenue, and all parties who have requested notice in the Debtor's case.

9.      A continued hearing on the Debtor's use of Cash Collateral is scheduled

4

for **July 7, 2026, at 11:00 a.m.,** before Judge Janet E. Bostwick.  The hearing shall take place in  Courtroom 3, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109−3945, with an option for parties in interest to appear by video conference using Zoomgov.com technology. Parties who wish to appear by video must request the link from the Courtroom Deputy Lisa Belanger, at lisa_belanger@mab.uscourts.gov **no later than 10:00 a.m. the business day before the hearing**. **Requests submitted after the deadline may not be accommodated and the Party should plan to attend in person in the Courtroom**. Appearance by video is limited to counsel and parties in interest. Public access will be in person only. A Hybrid Hearing is an official court proceeding and remote attendees are required to act and dress in the same manner as in person hearings. Parties attending remotely must be in a quiet setting and must not be walking, driving, or performing other activities while participating in the hearing. Failure to comply may result in termination of access, sanctions, or other action by the Court.

10.     Any objections to the continued use of cash collateral shall be filed by **July 6, 2026 at 12:00 p.m.**

11.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.                                                By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

Dated:  June 18, 2026

5